UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:01-CR-13-1-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| STEVEN W. BELL ) | |

This matter is before the court on defendant's motions to dismiss based upon Speedy Trial Act violation and for *Barden* credit.[1]

Because defendant did not move to dismiss the indictment prior to the entry of his unconditional guilty plea, he has waived any right to dismissal under the Speedy Trial Act. See 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."). The motion to dismiss is DENIED.

Defendant's second motion pertains to a request for jail credit pursuant to *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1991). In *Barden*, the court recognized that the Bureau of Prisons (BOP) has the authority to designate, *nunc pro tunc*, a state prison as a place of federal confinement such that the inmate may receive credit on his federal sentence for time served in state prison. This authority arises pursuant to 18 U.S.C. § 3621(b) (formerly 18 U.S.C. § 4082(b)), which provides in pertinent part that "[t]he [BOP] shall designate the place of the prisoner's imprisonment. . . [and] may designate any available penal or correctional facility . . . whether maintained by the Federal Government or otherwise . . . ." The BOP implements such

---

[1] The 21 April 2010 motions were filed as one document; however, they are distinct motions.

authority in accordance with BOP Program Statement 5160.05 (Jan. 16 , 2003). It is the BOP, not the court, which possesses the power to act on defendant's request for *Barden* credit, and therefore, defendant's motion for the same is DENIED.

This 20 May 2010.

                                    _____
                                    W. Earl Britt
                                    Senior U.S. District Judge